Johnston, Ch.
The Court is of opinion that the Chancellor properly refused to decree a specific performance in this case. Under the provisions of the will, the executors had no authority to make the sale. The better opinion appears to be, in such a case, that the Court will not only refuse its aid to the purchase, but will, at the instance of the cestui gite trust, restrain the execution of the contract, (10 Ves. 292, Matlock v. Buller.) But, whether the Court would interfere to prevent the contract from being carried into execution or not, the doctrine is unquestionable that where without fault in the vendor, it is impossible for him to convey, the Court will not decree a conveyance, but will leave the purchaser to his legal remedy, (2nd Atk. 74; 9 Mod. 233; 3 Bro. C. C. 390.) In this case there is no pretence of bad faith on the *140 part of Dr. Burgoyne, who alone gave directions for the sale. But it is impossible for him to convey without the concurrence of his co-executrix, and even with her concurrence, no title can be made, not only for want of authority from the testator, but because the will expressly directs the property to be kept together until the youngest child shall reach the age of twelve years.
It is contended that the contract should be carried into effect as against Dr. Burgoyne, on the score of his being interested in the property sold. But he has no interest at present, nor can it be ascertained before the period fixed by the testator, whether he ever will have any.
We are entirely satisfied too, that the Chancellor perfectly refused to sanction the sale as a means of raising funds to pay the debts of the testator. Independently of the reasons assigned by him, it is sufficient that two of the devisees, one of them afeme covert and the other an infant, whose interests would be involved in such an order, and whom therefore the plaintiff (resting his case on that ground) should have brought before the Court, have not been made parties.
So far we concur with the Chancellor. But we are of opinion that a reference of damages sustained by the plaintiff ought not to have been ordered. It appears by the bill, that the plaintiff has neither paid nor deposited the purchase money. In such a case, even supposing that this Court should undertake to assess the damages, instead of directing an issue or leaving the party to his remedy at law, we must give the damages which a Court of Law would give. The Courts of Law would give him only nominal damages, for it is well settled he is not entitled to any compensation for the fancied goodness of his bargain, (2 Bl. R. 1078; 2 B. & P. 167.) On the case presented by the plaintiff, there was nothing to refer.
It is ordered that the circuit decree be modified, and the bill be dismissed, but without costs.